UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------------------X
Richard Wise,

                Plaintiff,
       -against-

The City Of New York, New York City Police Officers: Pascual Melo, Mohammad Abdelfattah, and Officers John and Jane Doe #1 -15, the names being fictitious and presently unknown, in their individual and official capacities as employees of the New York City Police Department,
                Defendants.
------------------------------------------------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

23-cv-3314 (NGG)(RER)

The Plaintiff by his attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, against the City of New York, New York City Police Department, and the above-named NYPD Police Officers, police officers of the City of New York, in their individual and official capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff' federal claims.

### VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in Kings County, New York, within the confines of the Eastern District of New York.

### PARTIES

4. Plaintiff at all times relevant hereto resided in Bronx County in the State of New York.

5. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK,

was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, Defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

10. That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendants Melo and Abdelfattah committed the false arrest of plaintiff and were personally involved in and liable for plaintiff's false arrest, the actions of all defendant officers described in this complaint, and all other claims set forth below.

12. At approximately 8:35 p.m. on 10 February 2022, in the vicinity of 84 Chauncey Street, in Kings County, New York, plaintiff was legally parallel parking his vehicle on Chauncey St. which is a one-way street.

13. Defendants Melo and Abdelfattah. while driving an unmarked vehicle, drove past plaintiff, stopped in the middle of the street, exited their vehicle, approached plaintiff's vehicle, and without justification or cause instructed plaintiff to exit his vehicle. They falsely accused defendant of driving the wrong-way and unlawfully arrested plaintiff.

14. Without justification or cause Defendants Melo and Abdelfattah then unlawfully searched plaintiff and his vehicle and confiscated plaintiff's vehicle.

15. Plaintiff was then transported to PSA3 and plaintiff was denied phone calls, food and water.

16. Hours later plaintiff was transported to central bookings.

17. On 11 February 2022 plaintiff was arraigned in Kings County Criminal Court and bail was set based on defendants' false statements.

18. Due to the false statements of Defendants Melo and Abdelfattah, plaintiff was falsely charged with numerous crimes, and was then released from custody.

19. Defendant Melo then committed perjury by falsely testifying before a Kings County District Attorney Grand Jury that he observed plaintiff driving the wrong way on Chauncey Street.

20. Defendant Melo then also committed perjury by falsely testifying before a Kings County District Attorney Grand Jury that he activated his emergency lights to pull plaintiff over before he drove past plaintiff's vehicle.

21. Plaintiff spent approximately two weeks in jail as the case progressed.

22. While plaintiff was incarcerated, due to the poor conditions of his confinement, plaintiff became physically ill, required medical treatment, was sent to the jail infirmary approximately two times, and was treated for his illness and provided medications for his illness.

23. As the case progressed, plaintiff's criminal defense attorney presented street surveillance camera footage of the incident to the Kings County District Attorney. This evidence showed that Defendants had provided false testimony, that Defendant Melo had perjured himself when he testified before the Grand Jury, and that plaintiff's version of events was correct.

24. On 8 July 2022 in Kings County Supreme Court, after a review of said footage, the Kings County District Attorney dismissed the case against plaintiff.

25. At all times during the events described above, defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

26. Additional defendant officers who were present witnessed all of the above and failed to intervene and failed to protect plaintiff in the obviously illegal actions of their fellow officers against plaintiff.

27. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## FIRST CAUSE OF ACTION
(FALSE ARREST)

28. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

29. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

30. Defendants deprived Plaintiff of civil, constitutional and statutory rights and conspired to deprive plaintiff of such rights and are liable under federal and state law.

31. There is further indication that the actions of the arresting officers in this case were the result of racial profiling.

## SECOND CAUSE OF ACTION
### (FOURTH AMENDMENT)

32. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

33. Defendants illegally arrested plaintiff subjecting him to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

34. As a result of the foregoing, plaintiff has been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## THIRD CAUSE OF ACTION
### (FOURTEENTH AMENDMENT)

35. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

36. Defendants illegally arrested plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

37. As a result of the foregoing, plaintiff has been damaged and deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; plaintiff's rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## FOURTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

38. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

39. Defendants, acting with malice, caused a false accusatory instrument to be filed against plaintiff, initiated a prosecution against him, and did so without probable cause.

40. The criminal proceedings were terminated in plaintiff's favor..

41. Plaintiff was damaged as a result of the malicious prosecution implemented by the defendants.

## FIFTH CAUSE OF ACTION
### (DUE PROCESS VIOLATION)
### (CONDITIONS of CONFINEMENT)

42. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

43. Plaintiff was denied food and water at the precinct.

44. Plaintiff was subjected to an improper unreasonable search without justification or cause.

45. Defendants handcuffed plaintiff forcibly too tightly and for a length of time in violation of his rights, without justification or cause.

46. Upon information and belief, this is an ongoing practice within the confines of the precinct.

47. Plaintiff also and separately became physically ill during his confinement and required medical treatment that was both delayed and when provided insufficient to remedy his illness.

48. Plaintiff was damaged and denied due process, subjected to unconstitutional procedures, as well as subjected to unconstitutional harassment and discrimination.

## SIXTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

49. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50. Defendants' misrepresentations about plaintiff deprived plaintiff of liberty.

51. Thus defendants are liable to plaintiff under the Sixth Amendment for denying a fair trial.

52. As a result, plaintiff was damaged and suffered the injuries as set forth within this complaint.

## SEVENTH CAUSE OF ACTION
(FAILURE TO INTERVENE)

53. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, plaintiff was damaged.

57. Their failure to do so, whether deliberately or negligently, caused plaintiff's injuries.

## EIGHTH, NINTH, and TENTH CAUSES OF ACTION
(CONDITIONS OF CONFINEMENT: DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

58. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

59. Plaintiff had serious medical needs and serious injuries as a result of the foregoing.

60. Defendants first caused plaintiff's physical illness due to the poor conditions of his unlawful confinement; second, defendants were deliberately indifferent to plaintiff's serious medical needs when they refused to provide medical attention in a timely fashion; third, defendants were deliberately indifferent to plaintiff's serious medical needs when they denied proper treatment.

61. Defendants thus created plaintiff's medical problems, then delayed timely treatment; and finally refused to provide proper treatment. Each of these separate actions separately and distinctly caused plaintiff needless pain and suffering and created a risk of additional injury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B.  Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C.  Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  7 AUGUST 2023
        New York, New York

/ s /     Gregory Zenon
The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff